UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DGD PROCESSING
SOLUTIONS, LLC,

    Plaintiff/Counter-Defendant,    CIVIL ACTION NO. 14-cv-13740

    v.    DISTRICT JUDGE GEORGE CARAM STEEH

MD FINANCIAL, LLC and    MAGISTRATE JUDGE MONA K. MAJZOUB
MICHAEL D'AMBROSE,

    Defendants/Counter-Plaintiff,

    and

SPEEDY SERVICING, INC.,

    Intervenor-Plaintiff.

_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION TO DEEM MATTERS ADMITTED [27]**

This matter comes before the Court on Plaintiff DGD Processing Solutions, LLC's Motion to Deem Matters Admitted. (Docket no. 27.) Defendants MD Financial, LLC and Michael D'Ambrose responded to Plaintiff's Motion (docket no. 32), and Plaintiff replied to Defendants' Response (docket no. 34). The Motion has been referred to the undersigned for consideration. (Docket no. 28.) The Court has reviewed the pleadings and dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2). The Court is now ready to rule pursuant to 28 U.S.C. § 636(b)(1)(A).

This matter involves counter-breach-of-contract claims related to a Payment Facilitation Agreement (PFA) between Plaintiff and Defendants. (*See* docket nos. 1 and 42.) Plaintiff served

Defendants with a set of discovery requests, including Requests for Admission, on February 3, 2015. (Docket no. 27 at 14-24.) Defendants served Plaintiff with responses on March 4, 2015. (Docket no. 27 at 3; docket no. 32 at 5.) That same day, Plaintiff pointed out deficiencies in those responses to Defendants, and Defendants agreed to supplement them, which they did on March 11, 2015. (Docket no. 34 at 5-8; docket no. 27 at 25-38; docket no. 32-2.) Plaintiff subsequently filed the instant Motion to Deem Matters Admitted on April 17, 2015. (Docket no. 27.)

Federal Rule of Civil Procedure 36 permits a party to serve on any other party a written request to admit the truth of any matter within the scope of Rule 26(b)(1). Rule 36(a)(4) provides that, if a party does not admit a request to admit, then "the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it." Fed. R. Civ. P. 36(a)(4). The Rule further provides, "[a] denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of the matter, the answer must specify the part admitted and qualify or deny the rest." *Id*. Rule 36(a)(6) provides a party objecting to the sufficiency of a request for admission's answer the ability to bring a motion for the determination of the answer's sufficiency. Fed. R. Civ. P. 36(a)(6). If the Court finds that a party's objection is justified, then Rule 36 permits the Court to order "either that the matter [be] admitted or that an amended answer be served." Fed. R. Civ. P. 36(a)(6).

Plaintiff alleges that Defendants' supplemental responses to its Requests for Admission nos. 1, 2, and 3 are deficient and do not comply with Rule 36. (Docket no. 27 at 3.) As relief, Plaintiff seeks a court order deeming that Request nos. 1, 2, and 3 are admitted, or, in the alternative, compelling Defendants to produce documents and facts that support their denials.

(*Id*. at 7.) The Court presents each of the contested requests and responses in relevant part and will address the parties' arguments in turn.

### A. Request for Admission No. 1

Plaintiff's Request:

> Please admit that MDF never attempted to submit any ACH transactions to DGD for processing after June 9, 2014. If your response is anything other than an unqualified admission, please:
>     a. State in detail all facts that support your response;
>     b. Produce all documents that support your response;
>     c. Identify all witnesses who will testify in support of your response.[1]

(Docket no. 27 at 17.)

Defendants' Response:

> MDF denies this request for admission. MDF made every effort to process ACH transactions through DGD until such time as DGD could no longer perform. This occurred on or about June 9, 2014 (and the parties had notice of this as early as June 3, 2014). DGD lost access to Talmer Bank and communicated to MDF that it had no other ODFI lined up at the time. This request improperly implies that DGD's failure to perform is the result of MDF's malfeasance, not DGD's. See also MDF's previous document production bates nos. 0001-00197. Very little discovery has taken place to date, and MDF reserves the right to supplement this response as discovery proceeds.
>
> The witnesses known or believed by Defendants to have knowledge of discoverable information include, but are not limited to, . . . .
>
> Defendants otherwise object to this Request for Admission to the extent that it is premature, overly broad, unduly burdensome, seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and is vague and ambiguous.

(*Id*. at 30-31.)

Plaintiff argues that Defendants' denial does not fairly respond to the substance of the matter. (*Id*. at 3.) Specifically, Plaintiff argues that Defendants are entitled to explain why they did not submit ACH transactions to Plaintiff after June 9, 2014, but it is improper for Defendants

---

[1] This sentence also appears with Plaintiff's Requests for Admission nos. 2 and 3; however, the Court will only reproduce it once, here.

to deny the Request where they, in fact, did not submit ACH transactions to Plaintiff after June 9, 2014, and have not set forth any facts or documents to support their denial. (*Id*. at 4.) Defendants contend that Plaintiff seeks an answer to a question that it did not ask, pointing out that Request no. 1 does not ask Defendants to admit that they *did not submit* ACH transactions to Plaintiff for processing after June 9, 2014, it asks Defendants to admit that they *never attempted to submit* ACH transactions to Plaintiff for processing after June 9, 2014. (Docket no. 32 at 8.) Defendants elaborate that they are able to admit that they did not submit ACH transactions to Plaintiff for processing after June 9, 2014, but that it would be inaccurate to admit that they never attempted to do so. (*Id*.)

Defendants' position holds merit. The Court finds that Defendants appropriately responded to Plaintiff's Request for Admission no. 1 as worded, in accordance with Rule 36(a)(4). The Court will deny Plaintiff's Motion in this regard.

### B. Requests for Admission Nos. 2 and 3

Plaintiff's Request No. 2:

> Please admit that, prior to June 27, 2014, MDF never gave notice to DGD that DGD materially breached the PFA.

(Docket no. 27 at 17.)

Defendants' Response:

> MDF is unable to admit or deny this request for admission at this time. At this early juncture of the lawsuit, MDF is unaware of any written notice made by MDF to DGD prior to June 27, 2014 declaring DGD to be in material breach of the processing agreement. However, DGD has *not*, to date, produced documents (MDF has), and discovery is ongoing. See also MDF's previous document production bates nos. 0001-0197. MDF reserves the right to supplement this response as discovery proceeds.
>
> In further response, MDF denies that any such written notice was required, because, as early as June 3, 2014, DGD and MDF were both on notice that Talmer Bank had canceled its processing contract with DGD, and that DGD was

4

> incapable of processing additional ACH transactions for MDF. At this time, DGD and MDF had discussions concerning mistakes that DGD had made, which caused issues with Talmer Bank. DGD was, thus, aware of its material breach of the processing agreement. DGD's performance problems occurred *before* expiration of the 60-day ramp up. DGD failed to provide MDF with adequate assurances of continued performance. Notwithstanding the foregoing, on June 27, 2014, DGD inexplicably demanded millions of dollars in purported damages from MDF and threatened to hold all monies related to the processed transactions, refusing to remit such funds to MDF. MDF responded to this unconscionable behavior by formally rescinding the contract in writing on June 30, 2014.
>
> The witnesses known or believed by Defendants to have knowledge of discoverable information include, but are not limited to, . . . .
>
> Defendants otherwise object to this Request for Admission to the extent that it is premature, overly broad, unduly burdensome, seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and is vague and ambiguous.

(*Id*. at 31-32.)

Plaintiff's Request No. 3:

> Please admit that MDF never gave notice to DGD that DGD materially breached the PFA.

(*Id*. at 18.)

Defendants' Response:

> Denied. See Response No. 2.

(*Id*. at 32.)

Plaintiff argues that Request nos. 2 and 3 should be deemed admitted because Defendants have not set forth any facts or documents to support the assertion that notice of material breach was given. (*Id*. at 5.) Defendants assert that their Response to Request no. 2 acknowledged their lack of awareness of any formal written notice issued prior to June 27, 2014. (Docket no. 32 at 11.) Defendants also allude to discussions that took place between the parties prior to June 27, 2014, and assert that whether those discussions constitute notice of material breach is a question

5

of fact for the Court or a jury to decide. (*Id*. at 11-12.) Defendants further assert that Plaintiff's Motion is premature because at the time of Plaintiff's discovery request, Defendants had not yet received document discovery from Plaintiff or other entities; Defendants argue that they should be permitted to obtain and review the documents they requested before they are required to admit or deny Plaintiff's Requests for Admission. (*Id*. at 12.)

The Court understands Defendants' arguments, but finds that Defendants' Responses lack specificity and are not qualified as required by Rule 36(a)(4), especially with regard to whether Defendants gave Plaintiff verbal notice of material breach. Defendants' explanation in their Response to Plaintiff's Motion does not cure their deficient discovery responses. Accordingly, the Court will order Defendants to amend their Responses to Requests for Admission nos. 2 and 3 to conform with the correct form of answer under Rule 36(a)(4). At this stage of the litigation, any further argument from Defendants regarding an inability to answer due to a lack of document discovery is invalid. Defendants will succinctly and specifically either admit or deny Plaintiff's Requests for Admission nos. 2 and 3, and qualify their responses where necessary without any ancillary argument, within fourteen (14) days of this Opinion and Order.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Deem Matters Admitted [27] is **GRANTED IN PART AND DENIED IN PART** as follows:

    a.    Plaintiff's Motion with regard to Request for Admission no. 1 is DENIED;

    b.    Plaintiff's Motion with regard to Requests for Admission nos. 2 and 3 is GRANTED IN PART and DENIED IN PART. Plaintiff's Requests for Admission nos. 2 and 3 are <u>not</u> deemed admitted; Defendants are ordered to amend their Responses to Requests for Admission nos. 2 and 3 to succinctly and specifically either admit or deny the Requests, and qualify their responses where

necessary without any ancillary argument, within fourteen (14) days of this Opinion and Order.

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: September 18, 2015		s/ Mona K. Majzoub
					MONA K. MAJZOUB
					UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon counsel of record on this date.

Dated: September 18, 2015		s/ Lisa C. Bartlett
					Case Manager